GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
LAUREN E. WOOD, Bar No. 280096
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Emails:  cglynn@glynnfinley.com
         lwood@glynnfinley.com


BALLARD SPAHR LLP
Wallace G. Hilke, *pending pro hac vice*
Sarah E. Pruett, *pending pro hac vice*
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
Telephone:  (612) 371-3211
Facsimile:  (612) 371-3207
Emails:  hilkew@ballardspahr.com
         pruetts@ballardspahr.com

Attorneys for Plaintiff
SkyWater Technology Foundry, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWATER TECHNOLOGY FOUNDRY, INC., | **Case No.** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. DECLARATORY RELIEF (Count I);**<br>**2. DECLARATORY RELIEF (Count II);**<br>**3. FRAUD;** |
| CLARK STREET ASSOCIATES, LLC | **4. NEGLIGENT**<br>**MISREPRESENTATION;**<br>**5. BREACH OF CONTRACT; and** |
| Defendant. | **6. BREACH OF THE IMPLIED**<br>**COVENANT OF GOOD FAITH AND**<br>**FAIR DEALING** |

Plaintiff SkyWater Technology Foundry, Inc. ("SkyWater"), by its undersigned counsel, hereby complains and alleges as follows:

## I. <u>INTRODUCTION</u>

1.    This is a civil action for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, and for related state law claims.

## II.  PARTIES

2.      Plaintiff, SkyWater, is a corporation organized under the laws of the State of Delaware and has its principal place of business in Bloomington, Minnesota.

3.      Defendant, Clark Street Associates, LLC ("Clark Street"), is a limited liability company organized under the laws of the State of California and has its principal place of business in Mountain View, California.

## III.  JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between SkyWater and Clark Street and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Clark Street resides in Mountain View, California in Santa Clara County.

6.      This Court has personal jurisdiction over Clark Street in that Clark Street regularly does business in the State of California and in this District, and because a substantial portion of the relevant acts complained of herein occurred in the State of California and in this District.

## IV.  FACTUAL ALLEGATIONS

7.      Clark Street is a professional advisory firm that provides consulting services to its clients, including SkyWater, to, among other things, develop custom governmental grant and contract funding opportunities.

8.      On May 15, 2018, Clark Street entered into a consulting agreement with SkyWater ("Consulting Agreement") wherein Clark Street agreed to support SkyWater in its efforts to develop, pursue, and execute upon government funding opportunities.

9.      The Consulting Agreement "shall be governed by and construed in accordance with the laws of the State of Minnesota, without reference to conflict of laws principles."

10.     The Consulting Agreement provides that SkyWater will compensate Clark Street for its services by paying it a commission of 5% for contracts awarded as a result of the services

1    performed by Clark Street.

2        11.    In addition, the Consulting Agreement obligates SkyWater to reimburse Clark

3    Street for any reasonable and actual expenses incurred by Clark Street in connection with

4    performing services, provided that Clark Street obtains SkyWater's approval for anticipated

5    monthly expenses in excess of $2,000.

6        12.    SkyWater also must reimburse Clark Street up to $15,000 monthly for the

7    services of one or more lobbying firms. The Consulting Agreement provides that K&L Gates

8    LLP ("K&L Gates"), a law firm, is the lobbying firm providing services, but that Clark Street

9    may select a different lobbyist upon written notice to SkyWater.

10       13.    The Consulting Agreement provides that "Clark Street [is] subject to the

11   requirement that Clark Street will at all times comply with applicable law."

12       14.    Clark Street affirmed in the Consulting Agreement that it is a "bona fide agency

13   pursuant to Federal Acquisition Regulation ("FAR") Subpart 3.4 and the scope of the Services

14   does not contemplate, and should not be construed to contemplate, and Clark Street has not

15   proposed or implied the use of 'improper influence' as defined in FAR 3.401 and 52.203-5."

16       15.    FAR 3.4 *et seq.* governs contingent fee arrangements for soliciting or obtaining

17   federal government contracts. Contingent fees are "any commission, percentage, brokerage, or

18   other fee that is contingent upon the success that a person or concern has in securing a

19   Government contract." FAR 3.401.

20       16.    Federal law prohibits government contractors, including SkyWater, from paying

21   contingent fees for soliciting or obtaining government contracts to anyone other than a bona fide

22   employee or bona fide agency. FAR 3.402.

23       17.    A "bona fide agency" is "an established commercial or selling agency, maintained

24   by a contractor for the purpose of securing business, that neither exerts nor proposes to exert

25   improper influence to solicit or obtain Government contracts nor holds itself out as being able to

26   obtain any Government contract or contracts through improper influence." FAR 3.401.

27       18.    Federal law permits SkyWater to pay contingent commissions to Clark Street for

28   Clark Street's work related to federal contracts because Clark Street is a "bona fide agency

- 3 -
COMPLAINT

1    pursuant to Federal Acquisition Regulation ("FAR") Subpart 3.4" and it "has not proposed or

2    implied the use of 'improper influence' as defined in FAR 3.401 and 52.203-5." Consulting

3    Agreement § 7.2.

4         19.    From time to time, SkyWater obtains government awards for capital expenditures.

5    These awards have little to no margin for SkyWater and are designed for the acquisition of

6    equipment or supplies that will be used in the course of fulfilling a government contract. After

7    the effective date of the Consulting Agreement, SkyWater and Clark Street had periodic

8    discussions about how to modify the Consulting Agreement to address these capital expenditure

9    awards in a commercially reasonable manner.

10        20.    On January 16, 2020, during an in-person meeting to discuss the treatment of

11   capital expenditures at Clark Street's office, Dr. Steven Empedocles, Clark Street's Chief

12   Executive Officer, told Brad Ferguson, SkyWater's Chief Technical Officer, that it was not

13   entirely up to him whether the commission payment arrangement under the Consulting

14   Agreement could be modified because Clark Street had an arrangement to pay K&L Gates 15%

15   of the contingent commissions Clark Street received from SkyWater.

16        21.    During the January 16, 2020 meeting, after Dr. Empedocles' admission that Clark

17   Street split its commissions with K&L Gates, Brad Ferguson questioned Dr. Empedocles as to

18   the legality of that commission-splitting arrangement. Dr. Empedocles equivocated and told

19   Mr. Ferguson that K&L Gates has some sort of structure that would make the commission-

20   sharing arrangement lawful but that he did not know the details of that structure. Dr. Empedocles

21   explained that the only way to get a lobbying firm like K&L Gates interested was to pay it a

22   percentage of commissions or to pay it a monthly retainer of $25,000.

23        22.    On February 20, 2020, Dr. Empedocles met with SkyWater director Loren

24   Unterseher, and Brad Ferguson at SkyWater's offices. Mr. Unterseher directly questioned

25   Dr. Empedocles whether Clark Street was splitting its commissions with K&L Gates or other

26   parties. Dr. Empedocles confirmed that Clark Street was paying 15% of the commissions to

27   K&L Gates. When Mr. Unterseher asked Dr. Empedocles whether Clark Street split the

28   commissions with anyone other than K&L Gates, Dr. Empedocles said it was "none of [his]

business."

23.     Since Clark Street's January 16, 2020 disclosure, and despite SkyWater's repeated requests, Clark Street refuses to deny that Dr. Empedocles made these admissions. However, Clark Street, without denying that its CEO Dr. Empedocles made these admissions, has since made a conflicting statement that Clark Street has not made any payments to K&L Gates other than the $15,000 monthly service fee for K&L Gates' lobbying efforts.

24.     Federal law prohibits SkyWater and Clark Street from splitting contingent fees received from SkyWater's government contracts with a third party who is not a "bona fide agency" or "bona fide employee." FAR 3.402.

25.     Upon information and belief, K&L Gates is not a "bona fide agency" or a "bona fide employee" pursuant to FAR Subpart 3.4.

26.     Because of Dr. Empedocles' refusal to answer direct questions regarding commission-splitting, SkyWater has a legitimate concern and alleges, upon information and belief, that Clark Street is splitting contingent fees received from SkyWater's government contracts with other, unknown parties, in addition to K&L Gates.

27.     SkyWater has a legitimate concern and alleges, upon information and belief, that none of the "unknown parties" qualify as a "bona fide agency" or a "bona fide employee" pursuant to FAR Subpart 3.4.

28.     In applying for grants and contracts with the government of the United States, SkyWater warrants that it will not make improper contingent fee payments.

29.     SkyWater is committed to upholding its warranties and following the law.

30.     A warranty violation has dire potential consequences for SkyWater. If SkyWater breaches or otherwise violates its warranty against improper contingent fee payments, the federal government may annul its contracts with SkyWater, require repayment of all amounts previously paid to SkyWater, regardless of whether such sums have already been spent, and suspend or disbar SkyWater from receiving future government contracts. FAR 3.402, 3.405. As a major portion of SkyWater's work involves federal government grants and contracts, such consequences would have a devastating impact on SkyWater's business.

31.     The Consulting Agreement requires that SkyWater pay commissions to Clark Street on a quarterly basis. Because of the concerns triggered by Dr. Empedocles' statements that Clark Street has split its commissions with K&L Gates and his unwillingness to respond to direct questioning regarding other commission splitting arrangements, and Clark Street's refusal to provide requested information concerning these relationships, SkyWater cannot make payments otherwise due under the Consulting Agreement without risking violations of its warranties and federal law, thereby significantly jeopardizing its existing federal government grants and contracts and its ability to receive future awards of such grants and contracts.

32.     In order to avoid violating its warranties and federal law, SkyWater is, in good faith, withholding certain commission payments potentially owed to Clark Street for work related to federal contracts until Clark Street can show that it is not improperly splitting its commissions with K&L Gates and/or other unknown third parties.

33.     SkyWater has paid, and will continue to pay, amounts lawfully owed to Clark Street under the Consulting Agreement that are not commission payments related to federal contracts.

34.     On April 17, 2020, Clark Street asserted, for the first time, and only after SkyWater raised its concerns about Clark's Street's unlawful commission splitting, that it made a "clerical error" in failing to bill SkyWater for grant writing services it allegedly rendered and that SkyWater owes Clark Street $375,000 in grant writing fees.

35.     On April 22, 2020, Clark Street sent SkyWater an invoice for the $375,000 in grant writing fees; $25,000 for each of fifteen line items, dating back to October 2017.

36.     The Consulting Agreement provides that SkyWater may make a written request to Clark Street for grant writing services by confirmed facsimile transmission, e-mail, courier or overnight delivery service, or certified mail, that Clark Street may thereafter accept the request, and that the charge for such services would be $25,000.

37.     SkyWater never made a written request nor commissioned work that it understood would generate a grant writing fee under the Consulting Agreement and for two and a half years, Clark Street never claimed otherwise.

38.     Clark Street did provide limited support to SkyWater for SkyWater's grant writing, but such support was done with Clark Street's assurances that it would not charge for that assistance. SkyWater relied upon these assurances in allowing Clark Street to assist SkyWater's grant writing.

39.     Because SkyWater has withheld the disputed payments, on April 7, 2020, Clark Street served a notice of default under the Consulting Agreement and made various threats against SkyWater based on its allegation of default. On the same day, SkyWater served Clark Street with notice that it was terminating the Consulting Agreement, in accordance with its terms.

## COUNT I – DECLARATORY RELIEF

40.     SkyWater re-alleges and incorporates by this reference paragraphs 1 through 39 inclusive, as though fully set forth herein.

41.     By reason of the foregoing facts, an actual and justiciable controversy has arisen and now exists between SkyWater and Clark Street in that SkyWater contends, and Clark Street denies, that SkyWater cannot make commission payments to Clark Street for its work related to federal government contracts without materially risking a violation of FAR 3.4 because of Clark Street's admitted commission-splitting arrangement with K&L Gates.

42.     SkyWater desires a judicial determination that SkyWater may not make commission payments to Clark Street for Clark Street's work on federal government contracts where such commission payments are split with other parties in a manner prohibited by federal contracting guidelines, including FAR 3.4.

43.     SkyWater desires a judicial determination that SkyWater, in withholding commission payments for Clark Street's work on federal contracts due to Clark Street's admission that any such payment will be split in a manner that is likely prohibited under federal contracting guidelines, is not in breach of its commission payment obligations under the Consulting Agreement.

44.     SkyWater desires a judicial determination that SkyWater is not in default, and is not obligated to make further commission payments under the Consulting Agreement absent

1  satisfactory proof by Clark Street that it has not, and is not, unlawfully sharing such commissions

2  with third parties, including K&L Gates, or until the Court determines the propriety of the

3  commission payments.

4      45.    These declarations are necessary and appropriate so that the parties may ascertain

5  their rights and obligations, with respect to the Consulting Agreement, and to ensure that there is

6  no future violation of the federal contracting guidelines.

7  **COUNT II – DECLARATORY RELIEF**

8      46.    SkyWater re-alleges and incorporates by this reference paragraphs 1 through 45

9  inclusive, as though fully set forth herein.

10      47.    By reason of the foregoing facts, an actual and justiciable controversy has arisen

11  and now exists between SkyWater and Clark Street in that Clark Street contends, and SkyWater

12  denies, that SkyWater is obligated to pay Clark Street $375,000 for grant writing services.

13      48.    SkyWater desires a judicial determination that SkyWater is not in default or

14  breach of the Consulting Agreement, and is not obligated to pay Clark Street $375,000, or any

15  other amount, for grant writing services.

16      49.    This declaration is necessary and appropriate so that the parties may ascertain

17  their rights and obligations under the Consulting Agreement.

18  **COUNT III – FRAUD**

19      50.    SkyWater re-alleges and incorporates by this reference paragraphs 1 through 49

20  inclusive, as though fully set forth herein.

21      51.    In order to induce SkyWater to enter the Consulting Agreement, Clark Street

22  represented in the Consulting Agreement that it would "at all times comply with applicable law."

23      52.    At the time Clark Street represented that it would comply with applicable law,

24  upon information and belief, Clark Street was engaging in unlawful commission splitting and

25  intended to continue such commission splitting.

26      53.    Clark Street knew it was not complying with federal law by splitting commissions

27  with K&L Gates and/or other third parties that are not bona fide agencies or employees under

28  FAR 3.4, did not have confidence in the accuracy of its representation that that it was complying

1   with federal law, or was aware that its unqualified statement that it would "at all times comply

2   with applicable law" was made with conscious ignorance of the truth of the legality of its

3   commission splitting arrangement with K&L Gates and other third parties.

4        54.    SkyWater reasonably relied on Clark Street's representation that it would "at all

5   times comply with applicable law," including FAR. Indeed, absent such representation by Clark

6   Street, SkyWater would not have entered into the Consulting Agreement, and would not have

7   made payments to Clark Street thereunder.

8        55.    Clark Street intentionally misrepresented its intention to comply with the law to

9   induce SkyWater to enter into the Consulting Agreement.

10       56.    Clark Street intentionally omitted the material fact that it was splitting the

11   commissions it received from SkyWater with K&L Gates and other third parties to induce

12   SkyWater to enter into the Consulting Agreement.

13       57.    Clark Street had a duty to disclose its commission splitting arrangements to

14   SkyWater because Clark Street made representations about its payments to K&L Gates that were

15   incorporated into the Consulting Agreement, made representations that it would abide by the

16   law, and represented that Clark Street was a "bona fide agency" pursuant to FAR 3.4. Without

17   Clark Street informing SkyWater about its commission splitting arrangement with K&L Gates

18   and other third parties, Clark Street's foregoing representations about compensation to K&L

19   Gates, FAR compliance, and its legal obligations are inaccurate and misleading.

20       58.    Clark Street also had a duty to disclose its commission splitting arrangements to

21   SkyWater because Clark Street had special knowledge of its commission splitting arrangements

22   with K&L Gates and other third parties; material information to which SkyWater did not and still

23   does not have access, by reason of Clark Street's steadfast refusal to provide this information.

24       59.    Clark Street's commission splitting arrangements with K&L Gates and other third

25   parties are not readily ascertainable.

26       60.    Clark Street knew that SkyWater entered into the Consulting Agreement with the

27   contractual understanding that Clark Street would not split its commissions in violation of FAR

28   3.4.

61.    Clark Street did not inform SkyWater that it splits its commissions with K&L Gates and, upon information and belief, other third parties in order to induce SkyWater into entering into the Consulting Agreement.

62.    SkyWater justifiably relied upon Clark Street's omissions.

63.    As a direct and proximate result of Clark Street's fraud, SkyWater has been damaged in an amount in excess of the jurisdictional minimum for diversity cases, including but not limited commissions it has paid, or is obligated to pay, to Clark Street under the Consulting Agreement. In addition, SkyWater is entitled to rescind the Consulting Agreement.

## COUNT IV – NEGLIGENT MISREPRESENTATION

64.    Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 63 inclusive, as though fully set forth herein.

65.    Clark Street and SkyWater had a financial interest in the Consulting Agreement because the Consulting Agreement provides for compensation from SkyWater to Clark Street for services performed by Clark Street.

66.    Clark Street falsely represented in section 2.1 of the Consulting Agreement that it would "at all times comply with applicable law."

67.    Clark Street negligently omitted material information concerning its arrangement to pay K&L Gates a percentage of the contingent commissions received from SkyWater.

68.    Clark Street knew or should have known that federal law prohibits it from splitting commissions generated from federal contracts with third parties who do not qualify as a "bona fide agency" or "bona fide employee" under FAR 3.4.

69.    Clark Street knew or should have known that it was not complying with federal law by splitting commissions with K&L Gates and/or other third parties that are not bona fide agencies or employees under FAR 3.4.

70.    Clark Street understood that the fundamental purpose of the Consulting Agreement was to obtain Clark Street's assistance in securing government contracts for SkyWater and that any Clark Street violation of FAR could jeopardize those contracts.

71.    Clark Street failed to exercise reasonable care or competence in making its

1    unqualified representation that it would "at all times comply with applicable law" when Clark

2    Street had a prohibited commission-splitting arrangement at the time of its representation.

3         72.    SkyWater reasonably relied on Clark Street's representation that it would "at all

4    times comply with applicable law," including FAR. Indeed, absent such representation by Clark

5    Street, SkyWater would not have entered into the Consulting Agreement, and would not have

6    made payments to Clark Street thereunder.

7         73.    Clark Street negligently misrepresented its compliance with the law to induce

8    SkyWater into entering into the Consulting Agreement.

9         74.    Clark Street negligently omitted the material fact that it was splitting the

10   commissions it received from SkyWater with K&L Gates and other third parties to induce

11   SkyWater to enter into the Consulting Agreement.

12        75.    Clark Street's commission splitting arrangement with K&L Gates and, upon

13   information and belief, other third parties is a material fact which Clark Street negligently

14   withheld from SkyWater.

15        76.    Clark Street had a duty to disclose its commission splitting arrangements to

16   SkyWater because Clark Street made representations about its payments to K&L Gates that were

17   incorporated into the Consulting Agreement, made representations that it would abide by the

18   law, and represented that Clark Street was a "bona fide agency" pursuant to FAR 3.4. Without

19   Clark Street informing SkyWater about its commission splitting arrangement with K&L Gates,

20   Clark Street's foregoing representations about compensation to K&L Gates, FAR compliance,

21   and its legal obligations are inaccurate and misleading.

22        77.    Clark Street also had a duty to disclose its commission splitting arrangement to

23   SkyWater because Clark Street had special knowledge of its commission splitting arrangement

24   with K&L Gates and other third parties; material information to which SkyWater did not and still

25   does not have access, by reason of Clark Street's steadfast refusal to provide this information.

26        78.    Clark Street's commission splitting arrangement with K&L Gates and other third

27   parties is not available through public records or other ordinary channels.

28        79.    Clark Street knew that SkyWater entered into the Consulting Agreement with the

1    contractual understanding that Clark Street was not splitting its commissions in violation of FAR

2    3.4.

3        80.    Clark Street did not inform SkyWater that it splits its commissions with K&L

4    Gates and, upon information and belief, other third parties in order to induce SkyWater into

5    entering into the Consulting Agreement.

6        81.    SkyWater justifiably relied upon Clark Street's omissions.

7        82.    As a direct and proximate result of Clark Street's negligent misrepresentation,

8    SkyWater has been damaged in an amount in excess of the jurisdictional minimum for diversity

9    cases, including but not limited commissions it has paid, or is obligated to pay, to Clark Street

10   under the Consulting Agreement. In addition, SkyWater is entitled to rescind the Consulting

11   Agreement.

12                    **COUNT V – BREACH OF CONTRACT**

13       83.    Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 82

14   inclusive, as though fully set forth herein.

15       84.    On May 15, 2018, Clark Street entered into the Consulting Agreement with

16   SkyWater, wherein Clark Street agreed to support in a lawful manner SkyWater's efforts to

17   develop, pursue, and execute upon government funding opportunities.

18       85.    SkyWater performed its lawful duties and obligations as required by the

19   Consulting Agreement.

20       86.    SkyWater is informed and believes and thereon avers that Clark Street materially

21   breached the Consulting Agreement by splitting its commissions with K&L Gates and/or other,

22   unknown parties, in violation of FAR.

23       87.    As a direct and proximate result of Clark Street's breach of contract, SkyWater

24   has been damaged in an amount in excess of the jurisdictional minimum for diversity cases that

25   will be shown according to proof, including commission payments made or to be made, under

26   the Consulting Agreement.

27   ///

28   ///

## COUNT VI – BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

88.     Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 87 inclusive, as though fully set forth herein.

89.     The Consulting Agreement is a valid contract and provides for Clark Street to receive a commission on certain of SkyWater's federal government contracts.

90.     There is an implied covenant of good faith and fair dealing in every contract, including in the Consulting Agreement.

91.     The implied covenant of good faith and fair dealing requires that one party not unjustifiably hinder the other party's performance of the contract.

92.     The implied covenant provides that even an express and unconditional contractual right must be exercised reasonably.

93.     Clark Street has both contractual and legal duties to comply with applicable law.

94.      In applying for grants and contracts with the government of the United States, SkyWater warrants that it will not make improper contingent fee payments.

95.     As Clark Street is a consulting agency that develops governmental grant and contract opportunities for clients, Clark Street knew of SkyWater's legal obligation not to make improper contingent fee payments.

96.     The Consulting Agreement contains no provision mentioning contingent fee payments to K&L Gates or granting Clark Street unfettered discretion to share its commission with third parties in derogation of federal law.

97.     Clark Street owed a duty of good faith and fair dealing to SkyWater in relation to performance of the Consulting Agreement.

98.     By admitting to splitting its contingent fees with K&L Gates and other, unknown parties, Clark Street unjustly hindered SkyWater's performance of the contract: it forced SkyWater to unknowingly and unintentionally jeopardize its warranty that it will not improperly share contingent fees from federal government contracts.

99.     Clark Street also unjustly hindered SkyWater's performance of the contract by

1    forcing SkyWater to choose between potentially violating federal law and breaching its payment

2    obligations under the contract.

3          100.   Even if Clark Street had an express and unconditional right to dispose of its

4    commission as it sees fit, its contingent fee arrangement is objectively unreasonable in light of

5    federal law, Clark Street's contractual representations, and SkyWater's warranty in its federal

6    contracts.

7          101.   Clark Street's failure to disclose its contingent fee arrangement and persistence in

8    that arrangement constitute unreasonable and bad faith conduct in the context of SkyWater's

9    federal government contracts.

10         102.   Clark Street's breach of the implied covenant has damaged SkyWater in an

11   amount to be determined at trial, including commission payments made for the duration of the

12   Consulting Agreement.

13         WHEREFORE, SkyWater respectfully requests:

14   A.    That the Court issue a declaration that SkyWater may not make commission

15         payments to Clark Street for Clark Street's work on federal government contracts

16         where such commission payments are split with other parties in a manner

17         prohibited by federal contracting guidelines, including FAR 3.4;

18   B.    That the Court issue a declaration that SkyWater, in withholding commission

19         payments for Clark Street's work on federal contracts due to Clark Street's

20         admission that any such payment will be split in a manner that is likely prohibited

21         under federal contracting guidelines, is not in default or breach of its commission

22         payment obligations under the Consulting Agreement;

23   C.    That the Court issue a declaration that SkyWater is not in default under the

24         parties' Consulting Agreement, and is not obligated to make further commission

25         payments under the Consulting Agreement absent a judicial determination that

26         Clark Street is not unlawfully sharing such commissions with third parties, and

27         that, in the alternative, if it is determined that Clark Street has unlawfully shared

28         commissions, that the Court order the consulting agreement rescinded;

1   D.  That the Court issue a declaration that SkyWater is not in default or breach of the

2      Consulting Agreement, and is not obligated to pay Clark Street $375,000 or any

3      other amount for grant writing services;

4   E.  For compensatory damages according to proof;

5   F.  For SkyWater's reasonable costs and attorneys' fees; and

6   G.  For such further relief as equity and justice may require.

7           **JURY TRIAL DEMAND**

8   SkyWater hereby demands a trial by jury of all issues triable by jury.

9

10   Dated:  May 8, 2020

11               GLYNN & FINLEY, LLP
               CLEMENT L. GLYNN
               LAUREN E. WOOD
12               One Walnut Creek Center
               100 Pringle Avenue, Suite 500
13               Walnut Creek, CA  94596

14               BALLARD SPAHR LLP
               Wallace G. Hilke, *pending pro hac vice*
15               Sarah E. Pruett, *pending pro hac vice*
               2000 IDS Center, 80 South 8th Street
16               Minneapolis, MN 55402-2119

17

18               By   /s/ Clement L. Glynn
               Attorneys for Plaintiff
19               SkyWater Technology Foundry, Inc.

20

21

22

23

24

25

26

27

28