UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWATER TECHNOLOGY FOUNDRY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLARK STREET ASSOCIATES, LLC,<br><br>Defendant. | Case No. 20-cv-03168-BLF (SVK)<br><br>**ORDER ON JOINT DISCOVERY STATEMENT**<br><br>Re: Dkt. No. 45 |

The Court held a hearing on the parties' Joint Discovery Statement (Dkt. 45) on December 15, 2020. The Court's rulings are in the attached chart. The Court will hold a discovery status conference on **January 26, 2021 at 10:00 a.m.** The parties must file a joint status report by **January 19, 2021.**

**SO ORDERED.**

Dated: December 15, 2020

SUSAN VAN KEULEN
United States Magistrate Judge

| Disputed Request | SkyWater's Response | Clark Street's Position | SkyWater's Position | Court's Ruling |
|---|---|---|---|---|
| Interrogatory No. 1: Describe the processes or procedures by which SkyWater identifies and pursues funding opportunities, including an identification of all SkyWater and third-party personnel involved in pre-marketing, applying for, or preparing applications for such funding opportunities, including a detailed description of their roles and responsibilities as part of these activities. | *See* Exhibit B (SkyWater's Answers to Interrogatory Nos. 1-9) at 4-5. | SkyWater improperly limits its response to government funding opportunities, even though the Interrogatory covers all funding opportunities. The Consulting Agreement and commissions owed to Clark Street are not limited to government funding opportunities.<br><br>Clark Street requests that the Court direct SkyWater to supplement its response to address non-governmental funding opportunities that SkyWater has identified and pursued. | Discovery into SkyWater's commercial contracts with private entities is not relevant to any claim or defense and not proportional to the needs of the case. Clark Street worked solely on governmental projects for SkyWater, as evidenced by both the Periodic Reports provided by Clark Street and Schedule 1 of the Consulting Agreement. In particular, Schedule 1 lists exclusively "Clark Street's work" with "Congress," the "White House," and specific agencies/departments of the USG. Clark Street has not identified a single commercial project that it worked on for SkyWater, much less a project that resulted in a commercial contract. Thus, broad discovery into all of SkyWater's non-governmental | **Motion to compel denied.**<br><br>Right to information re commercial contracts is tenuous and does not support a request for this level of detail.<br><br>Some information regarding commercial contracts may be appropriate, and Court has addressed those circumstances below. |

1

| Disputed Request | SkyWater's Response | Clark Street's Position | SkyWater's Position | Court's Ruling |
|---|---|---|---|---|
| | | | business pursuits is improper. | |
| Interrogatory No. 2: Identify each and every funding opportunity for which SkyWater has applied since March 23, 2015, including whether SkyWater won such funding opportunity, and, for each funding opportunity that SkyWater has won, the amounts SkyWater has received and expects to receive, all phases or expansions to such funding opportunities, and any modifications to such funding opportunities. | *See* Exhibit B (SkyWater's Answers to Interrogatory Nos. 1-9) at 5-6, 16-17. | SkyWater improperly limits its response to (1) exclude funding opportunities and awards for which SkyWater has unilaterally determined that Clark Street did not contribute, despite this being disputed between the parties; (2) exclude funding opportunities and awards not directly from the government, even though the Interrogatory and the Consulting Agreement are not so limited; and (3) exclude awards that SkyWater may or will receive in the future, and which may thus be the basis for commissions owed to Clark Street. SkyWater's response also redacts information that is relevant to Clark Street's case, including the identity of entities | SkyWater is in the business of landing contracts with both the USG and private entities. Inter. No. 2 is overbroad and unduly burdensome because it asks SkyWater to identify every single business opportunity that SkyWater has pursued in the past five years, regardless of whether or not Clark Street worked on the opportunity. To narrow discovery, SkyWater asked Clark Street to identify all awards that Clark Street worked on and claims payment for. However, Clark Street has not agreed to limit discovery to the awards that it worked on.<br><br>With respect to future commissionable awards that may be funded during this lawsuit, | **Motion to compel granted in part/denied in part.**<br><br>The parties' request and response to Interrogatory no. 2 encapsulates the Court's concerns regarding overbreadth and failure to respond in a meaningful manner.<br><br>The Court orders as follows:<br>1. Plaintiff to identify <u>all</u> awards in last 5 years;<br>2. Including a) the date of award; b) awarding entity, regardless whether commercial or government and c) a description of the project sufficient for identification. |

2

| Disputed Request | SkyWater's Response | Clark Street's Position | SkyWater's Position | Court's Ruling |
|---|---|---|---|---|
| | | and projects connected to awards that SkyWater received.  Clark Street cannot prove that it helped SkyWater win an award that SkyWater refuses to name.<br><br>Clark Street requests that the Court direct SkyWater to supplement its response to address all funding opportunities SkyWater has omitted from its response.  Clark Street further requests that the Court direct SkyWater to provide identifying information for each award it has received, including at minimum the name of the awarding entity and a short description of the project. | SkyWater will disclose those awards if they come to fruition. But at this time, SkyWater cannot disclose what it does not know, and potential, but unrealized obligations are beyond the scope of this action, as no damages can be awarded for those.<br><br>SkyWater redacted certain information pursuant to the USG dissemination controls discussed in the letter brief. SkyWater has discussed this case with USG personnel and will continue its efforts to gain "prior written approval" from the USG to produce information that SkyWater otherwise cannot release pursuant to 48 U.S.C. § 252.204-7000 and other applicable regulations. | 3. For government contracts awarded, Plaintiff to provide the amount received or expected to be received.<br><br>For each government contract awarded in last 5 years, Plaintiff is to identify the person most knowledgeable regarding the origins of the Award and how it does or does not relate to Sections 1.1.1, 1.1.2, Schedule 1 to the Consulting Agreement or the Periodic Reports.<br><br>**Plaintiff's supplemental response is due on Monday, January 4, 2021.**<br><br>For any USG disclosure issue in complying with this order, Plaintiff may note that "permission is |

| Disputed Request | SkyWater's Response | Clark Street's Position | SkyWater's Position | Court's Ruling |
|---|---|---|---|---|
| | | | | pending" or other appropriate status. **Plaintiff to provide, by noon PST on December 18, 2020, a declaration of counsel** identifying all steps to address dissemination controls which have been or will be taken to obtain permission to provide information or documents. The declaration must identify who sought or will seek permission for disclosure, the agency to which the request was/will be directed, when permission was or will be sought, date of last contact between Plaintiff and entity for consent, and a good faith anticipated date of response from the agency. If Plaintiff has already received a directive from USG that |

| Disputed Request | SkyWater's Response | Clark Street's Position | SkyWater's Position | Court's Ruling |
|---|---|---|---|---|
| | | | | information cannot be shared with Defendant, **it is to provide a privilege log by January 11, 2021.**<br><br>The privilege log is to be updated promptly as additional information received from USG, and **in no event may an update be made more than 15 days from receiving new information from USG.** |
| Interrogatory No. 3: For each instance in which SkyWater received payment arising out of a funding opportunity identified in your response to Interrogatory No. 2, but did not pay a commission payment to Clark Street or paid a commission payment to Clark Street in an amount that is less than 5% of the amount of payment received by | *See* Exhibit B (SkyWater's Answers to Interrogatory Nos. 1-9) at 6-7. | This Interrogatory requests information based on the funding opportunities identified by SkyWater in response to Interrogatory No. 2.<br><br>Clark Street requests that the Court direct SkyWater to supplement its response for any further funding opportunities that it identifies in response to Interrogatory No. 2. | As noted in SkyWater's Answer to Inter. No. 3, in every instance in which SkyWater paid a commission to Clark Street, that commission was 5% of SkyWater's gross revenue on the award. SkyWater never made any deductions to the commissions paid to Clark Street. Thus, the sole issue in dispute here is the scope of funding opportunities covered by Inter. No. 3. | **Motion to compel denied.**<br><br>Spreadsheet of commissions paid, as described, is sufficient. |

| Disputed Request | SkyWater's Response | Clark Street's Position | SkyWater's Position | Court's Ruling |
|---|---|---|---|---|
| SkyWater, provide a detailed explanation of why SkyWater did not make a commission payment to Clark Street or made a commission payment to Clark Street in such amount, and identify any and all documentation SkyWater created justifying each decision. | | | SkyWater incorporates by reference its position statements above with respect to improper discovery into SkyWater's commercial contracts and USG projects that Clark Street had no involvement with. | |
| Interrogatory No. 8: Going back to March 23, 2015, identify any individuals at SkyWater, or individuals formerly employed by SkyWater, who were responsible for receiving payments to SkyWater arising out of funding opportunities and for disbursing such received payments, including but not limited to any capital expenditures and payments to Clark Street. If the answer to this Interrogatory includes more than one | *See* Exhibit B (SkyWater's Answers to Interrogatory Nos. 1-9) at 13-14. | SkyWater improperly limits its response to invoices or payments sent to Clark Street, while the Interrogatory requests information more broadly about how SkyWater disburses its award money. This information goes to SkyWater's mental state and is relevant to Clark Street's defenses to SkyWater's claims, including its claims for fraud and negligent misrepresentation. For example, how SkyWater used funding money reflects its | Discovery into how SkyWater disburses its USG funds to anyone other than Clark Street is not appropriate. The payments made by SkyWater to sub-contractors and vendors in performance of its USG contracts has nothing to do with the claims or defenses in this case. Clark Street seems to contend that its own potentially unlawful conduct would somehow become lawful if SkyWater had engaged in similar conduct. As a matter of | **Motion to compel denied in part, granted in part.**<br><br>Plaintiff to identify, by project for which Clark Street received a commission and/or reimbursement for expenses, the person responsible for making payments or withholding payments to Clark Street.<br><br>**Plaintiff's supplemental response is due on Monday, January 4, 2021.** |

6

| Disputed Request | SkyWater's Response | Clark Street's Position | SkyWater's Position | Court's Ruling |
|---|---|---|---|---|
| individual, specify the time periods or subject matter for which each individual was responsible. | | understanding of what kinds of payments it believed it could pay to whom, without running afoul of Federal Acquisition Regulation 3.4, which SkyWater accuses Clark Street of violating.<br><br>Clark Street requests that the Court direct SkyWater to supplement its response to address its disbursement of awards received from funding opportunities beyond its payments to Clark Street. | law, this cannot be true. Plus, SkyWater is not in the business of obtaining fees for helping other entities secure government contracts. Accordingly, SkyWater's use of contract funds is not analogous to Clark Street's use of funds. This interrogatory therefore violates fundamental proportionality principles. | |
| Interrogatory Nos. 12 and 13:<br><br>12. Identify any information or documents responsive to a Request for Production or Interrogatory that you contend you are unable to disclose or produce on the basis that such information or | *See* Exhibit D (SkyWater's Answers to Interrogatory Nos. 10-13) at 8-10. | Clark Street issued these Interrogatories in response to SkyWater's claims that it cannot respond fully to Clark Street's discovery requests because doing so would release "restricted" or "classified" government information. SkyWater responded by promising a "privilege log" for the | On the date of these discovery responses, SkyWater and Clark Street were still negotiating the categories of documents in Sections 2.15 – 2.17 of the Protective Order. Under the final version of the Protective Order, Controlled materials will be sent to the USG for pre-production | **Motion to compel is granted in part and denied in part.**<br><br>A rolling production of documents not subject to dissemination controls is to begin on **Monday, December 21, 2020 and to continue every two weeks thereafter.** |

| Disputed Request | SkyWater's Response | Clark Street's Position | SkyWater's Position | Court's Ruling |
|---|---|---|---|---|
| document is classified or otherwise contains sensitive or confidential information that cannot be disclosed.<br><br>13. For each item of information or document identified in response to Interrogatory No. 12, explain the basis of your contention that you cannot disclose or produce it, including the specific laws, regulations, or other legal obligations that prevent you from disclosing the information or producing the document. | | withheld classified materials, but has yet to provide any such log or confirm what information such a log would include.<br><br>Clark Street requests that the Court direct SkyWater to provide a privilege log for all documents responsive to a discovery request that SkyWater withholds on the basis that it contains classified information, and that the log include, at minimum, sufficient identifying information about the withheld documents to allow Clark Street to understand their general nature and the basis on which they are being withheld, e.g., authors, senders, recipients, general subject matter, date, and the specific authority that SkyWater contends supports | review. Until the USG grants approval to disclose those materials, SkyWater cannot identify the information contained therein. Doing so would defeat the purpose of the pre-production review and would cause SkyWater to violate nondisclosure requirements in its USG contracts and in federal statutes and regulations, including those listed in Section 2.16 of the Protective Order. The data in Controlled materials belongs to the USG and cannot be disclosed without the USG's consent or the USG being afforded the opportunity to oppose its disclosure before this Court.<br><br>To the extent the USG declares that certain materials cannot be produced, SkyWater will work with the | Issues relating to withholding documents subject to dissemination controls are addressed above in the Court's Order regarding Interrogatory no. 2. |

| Disputed Request | SkyWater's Response | Clark Street's Position | SkyWater's Position | Court's Ruling |
|---|---|---|---|---|
| | | withholding the document. | relevant agency to develop a privilege log of the withheld materials. | |