UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWATER TECHNOLOGY FOUNDRY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLARK STREET ASSOCIATES, LLC, <br><br> Defendant. | Case No.  20-cv-03168-BLF   (SVK) <br><br> **ORDER ON ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 43, 47, 48 |

Now before the Court are Administrative Motions to File Documents Under Seal seeking to seal certain materials submitted to the Court in connection with the parties' December 3, 2020 Joint Discovery Letter Brief (Dkt. 45).  Dkt. 43, 47, 48.  Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  A request to seal court records therefore starts with a "strong presumption in favor of access."  *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court.  A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy.  *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).  For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies.  *Id.*; *see also Kamakana*, 447 F.3d at 1179.  A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

1  Here, the "good cause" standard applies because the information the parties seek to seal
2  was submitted to the Court in connection with a discovery-related motion, rather than a motion
3  that concerns the merits of the case. Having considered the motions to seal, supporting
4  declarations, and the pleadings on file, and good cause appearing, the motions are hereby
5  **GRANTED** as follows:

| Document | Order on Motion to Seal | Reason(s) for Sealing |
|---|---|---|
| Exhibit B to the Joint Discovery Letter Brief (Dkt. 45) – SkyWater's answers to Clark Street's first set of interrogatories | GRANTED as to the following highlighted portions in Dkt. 47-2: ECF Page 5, Lines 24-27<br>ECF Page 6, Lines 1-20<br>ECF Page 17<br>ECF Page 18 | Plaintiff SkyWater has designated this document "Confidential" on the grounds that the redacted material is protected from public disclosure because it contains information about the United States Government ("USG") that is subject to dissemination controls imposed by federal statutes and regulations, agency directives, and contract documents, including, but not limited to, Department of Defense ("DoD") Directive 5400.7, Executive Order 13556, and 32 CRF Part 2002. The materials should remain redacted because SkyWater has provided evidence that it is not permitted by the USG to publicly disclose these materials in the public record without the USG's prior knowledge or consent. |
| Exhibit F to the Joint Discovery Letter Brief – SkyWater's responses to Clark Street's first set of requests for production | GRANTED as to the following highlighted portions in Dkt. 47-4: ECF Page 8, Lines 5, 14, 18, 24<br>ECF Page 9, Lines 6, 10, 12, 21, 25<br>ECF Page 10, Lines 25-26<br>ECF Page 11, Lines 3, 8, 14, 18, 22-23<br>ECF Page 12, Lines 18-21<br>ECF Page 13, Lines | Plaintiff SkyWater has designated this document "Confidential" on the grounds that the redacted material is protected from public disclosure because of the dissemination controls referenced above and because some of the projects and/or technologies referenced in the redacted exhibits relate to matters of national security, disclosure of which in the public record could have a detrimental impact on national security. |

|  |  |  |
|---|---|---|
|  | 3-4, 10, 16-19<br>ECF Page 14, Lines 2-4, 8, 12, 15-17, 28<br>ECF Page 15, Lines 1, 7, 13, 15, 25-26<br>ECF Page 16, Lines 2, 8-11, 21, 26-28<br>ECF Page 17, Lines 3-5, 10, 20-21 |  |
| The parties' consulting agreement – attached as Exhibit 1 to the Declaration of Kathryn Wendt in Support of Plaintiff SkyWater Technology Foundry, Inc.'s Administrative Motion to File | GRANTED as to the following highlighted portions in Dkt. 48-3: ECF Pages 2, 3, 8, 18 | Plaintiff represents that the redacted material is protected from public disclosure because of the dissemination controls referenced above. Additionally, some of the projects, programs, and/or technologies referenced in the redacted exhibit relate to matters of national security, disclosure of which in the public record could have a detrimental impact on national security. |

**SO ORDERED.**

Dated: December 15, 2020

SUSAN VAN KEULEN
United States Magistrate Judge